# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARSHAWN TERRILL GRAFTON,

      Defendant-Appellant.

UNPUBLISHED
December 29, 2016

No. 329088
Macomb Circuit Court
LC No. 2014-001335-FC

Before: SERVITTO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct (during the commission of a felony) (CSC-I), MCL 750.520b(1)(c), unlawful imprisonment, 750.349b, first-degree home invasion, MCL 750.110a(2), armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 285 to 648 months' imprisonment for the CSC-I convictions, 10 to 15 years' imprisonment for the unlawful imprisonment conviction, 160 to 240 months' imprisonment for the first-degree home invasion conviction, 285 to 648 months' imprisonment for the armed robbery conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

This case arises from the armed robbery of an apartment and defendant's sexual assaults on that apartment's occupant, the victim in this case. Defendant was convicted, following a jury trial, during which the victim testified how a man who had disguised himself with a red bandanna and hooded sweatshirt entered her apartment while carrying a silver pistol, and proceed to rob her and commit multiple sexual assaults against her. Three scientists working for the Michigan State Police also testified during the trial, and they described how defendant was identified using sperm cells taken from the victim's mouth, and how those results were verified. Additionally, Roseville Police Department Detective Sergeant Steven Kostenko testified that after defendant had been identified through his DNA, he conducted an interview with defendant. During this interview, defendant initially denied knowing the victim. However, after Detective Kostenko revealed that defendant's DNA had been found in the victim's mouth, defendant claimed that it was possible that he had participated in anonymous group sex with the victim at some point, but he was unable to provide any additional details regarding this purported encounter.

-1-

During trial, defendant testified that he was the victim's marijuana dealer, and that he had delivered marijuana to the victim during the night of the incident, and that they had engaged in consensual oral sex. Defendant admitted during cross-examination that his testimony during trial conflicted with the story he gave to Detective Kostenko, and he also admitted that his trial testimony was the first time he provided this version of the incident.

The only argument defendant makes on appeal is a claim of prosecutorial misconduct, asserting that the prosecutor impermissibly disparaged defense counsel during rebuttal closing argument. Trial counsel did not object, which defendant claims also constitutes ineffective assistance of counsel. We disagree with defendant on both points.

It is undisputed that no objection was made to the prosecutor's allegedly improper remarks, so the issue is unpreserved. See *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). Prosecutors have significant freedom to present arguments to the jury based on the evidence and any reasonable inferences therefrom, extending to some degree of colorful phrasing and including arguments to the effect that a witness or the defendant should not be deemed credible. *People v Unger*, 278 Mich App 210, 236-239; 749 NW2d 272 (2008); *People v Steanhouse*, 313 Mich App 1, 33; 880 NW2d 297 (2015). Prosecutors may not suggest that defense counsel is being intentionally dishonest or that they have some special knowledge regarding a witness's credibility. *Id*. Remarks made by a prosecutor are considered in context, not in the abstract, and a remark that might otherwise be improper may be an entirely appropriate response to remarks or argument made by defense counsel. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010); *Steanhouse*, 313 Mich App at 34-35. Ultimately, the question before us is whether the prosecutor's allegedly improper remarks deprived defendant of a fair and impartial trial. *People v Mesik (On Reconsideration)*, 285 Mich App 535, 541; 775 NW2d 857 (2009).

The prosecutor referred to defendant's version of the incident as "preposterous" and "a crazy story," but "smart, in the sense that he's got to come up with a reason why his DNA is in her mouth." Given defendant's express acknowledgement of the latter, and the prosecutor's extensive deconstruction of defendant's version of events based on actual evidence such as the inconsistencies between his statements to the police and at trial, this is simply a colorful expression of opinion regarding defendant's credibility. The prosecutor also referred to several of defense counsel's arguments as "red herrings." The prosecutor was not, in context, arguing that defense counsel was being truly deceitful or attempting to distract the jury from the truth. See *People v Dalessandro*, 165 Mich App 569, 579-580; 419 NW2d 609 (1988) and *People v Watson*, 245 Mich App 572, 592-593; 629 NW2d 411 (2001). This Court has also held that referring to an argument by defense counsel as a "red herring" is not an improper denigration "of defense counsel, but rather a fair argument regarding what the jury should believe." *People v Blevins*, 314 Mich App 339, 356; 886 NW2d 456 (2016). The prosecutor's conclusion, "[l]adies and gentlemen, if you believe anything the defendant said, I've got a bridge in Brooklyn I'd like to sell you," is obviously hyperbolic, but merely stating a conclusion in a dramatic fashion is not *per se* improper. None of these remarks suggest special knowledge regarding a witness's credibility or a claim that defense counsel's argument was dishonest.

We not do think the prosecutor went too far in responding to defense counsel's question to the jury about why an unused condom found outside of the victim's apartment was not investigated further by stating;

> Just the last thing that defense just talked about, the condom. When you heard the detective, he said, yes, there was a condom found. It was one single condom in a wrapper. There was no testimony about how close that was to the location. This is what we call a red herring. What do I mean by that? When you have the facts on your side, you stand in front of a jury and you argue the facts. When you have the law on your side, you stand in front of a jury and you argue the law. When you don't have either of those things on your side, you throw everything out there and you hope something sticks, so that when jurors go in the back somebody's like wait, wait, wait, wait what about the condom. That's what I call that.

It certainly was to argue to the jury that they should decline defendant's invitation to find reasonable doubt on the basis of the unused condom on the grounds that it was irrelevant. Furthermore, the prosecutor certainly did not need to be delicate about doing so.

We do not find in the record any indication that this affected the outcome of the proceedings. There was significant evidence of defendant's guilt, as much of the trial was spent detailing how three scientists identified and verified defendant's DNA, and also on defendant's inconsistent statements regarding the incident. Further, the trial court instructed the jury that the arguments made by the lawyers for each party were not evidence, and this instruction cured the prosecutor's error. See *People v Callon*, 256 Mich App 312, 330-331; 662 NW2d 501 (2003) (holding that the trial court's instruction to the jury that the attorney's statements were not evidence dispelled any prejudice arising from the prosecutor's comment).

Likewise, we do not find that defendant was denied effective assistance of counsel. The prosecutor's comments were proper, so counsel would have had no basis for making an objection. Counsel cannot be ineffective for failing to make a meritless or futile objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Furthermore, as discussed, we do not find the remark to have been significant to the outcome of the proceedings, so any objection thereto likewise would have made no difference. *Id*. at 51. Defendant has not shown that trial counsel was ineffective.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Amy Ronayne Krause